IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| RUBEN ROCHA,         § | |
|     Plaintiff,         § | |
| v.         § | CIVIL NO. 3-14-CV-00151-RFC |
|              § | |
| CAROLYN W. COLVIN,[1]         § | |
| Acting Commissioner of Social Security         § | |
| Administration,         § | |
|     Defendant.         § | |

### MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g).  Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c), and Rule CV-72 and Appendix C to the Local Court Rules for the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"). For the reasons set forth below, this Court orders that the Commissioner's decision be AFFIRMED.

### PROCEDURAL HISTORY

On May 18, 2011,  Plaintiff filed an application for DIB, alleging a disability onset date of October 1, 2009.  (R:156)  His application was denied initially and on reconsideration.  (R:105,112) Plaintiff filed a request for a hearing, which was conducted on March 21, 2012.  (R:87-100)  The

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013.  Pursuant to Fed. R. Civ. P. 25(d), she is substituted as the defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of §205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Administrative Law Judge ("ALJ") issued a decision on April 27, 2012, denying benefits. (R:76-83) Plaintiff requested that the Appeals Council review the ALJ's decision. (R:69) In his appeal, Plaintiff submitted various records. (R:20-66) The AC found that the records were not material because they related to a period after the ALJ's April 27, 2012, decision. (R:7,14) The AC denied Plaintiff's request for review on January 29, 2014, and April 16, 2014. (R:6, 13) Thus, the ALJ's April 27, 2012, decision stands as the Commissioner's final decision subject to judicial review pursuant to 42 U.S.C. § 405(g).

## ISSUES

Plaintiff presents the following issues for review:

1. Whether the ALJ's residual functional capacity ("RFC") finding is supported by substantial evidence. (Doc. 18:2)

2. Whether the ALJ erred in her evaluation of the treating physician's opinion. (Doc. 18:5-6)

Plaintiff also contends that the ALJ should have applied the Medical-Vocational Guidelines, 20 CFR Part 404, Subpart P, Appendix 2 ("grids") rules applying to sedentary work at step five of the sequential evaluation, i.e., Rule 201.14, which would have directed a conclusion that Plaintiff is disabled. (Doc. 18:6-7) Consequently, Plaintiff seeks a reversal and remand for an award of benefits or for further administrative proceedings. (Doc.18:7) Conversely, Defendant contends that substantial evidence supports the ALJ's findings and conclusions, that the proper legal standards were utilized, and that a remand for an award of benefits or further administrative proceedings is unwarranted. (Doc. 19:4-8)

**DISCUSSION**

*I. Standard of Review*

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence "is more than a mere scintilla, and less than a preponderance." *Masterson*, 309 F.3d at 272. The Commissioner's findings will be upheld if supported by substantial evidence. *Id*. A finding of no substantial evidence will be made only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Id*.; *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

*II. Evaluation Process*

The ALJ evaluates disability claims according to a sequential five-step process: 1) whether the claimant is currently engaged in substantial gainful activity; 2) whether the claimant has a severe medically determinable physical or mental impairment; 3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; 4) whether the impairment prevents the claimant from performing past relevant work; and 5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. The

claimant bears the burden of proof at the first four steps of the analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). Once this burden is met, the burden shifts to the Commissioner to show there is other substantial gainful employment available that the claimant is capable of performing. *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989). The Commissioner may meet this burden by the use of opinion testimony of vocational experts ("VE") or by the use of administrative guidelines provided in the form of regulations. *Rivers v. Schweiker*, 684 F.2d 1144, 1155 (5th Cir. 1982). If the Commissioner adequately points to potential alternative employment, the burden then shifts back to the claimant to prove that he is unable to perform the alternative work. *Anderson*, 887 F.2d at 632.

In the present case, at step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date of October 1, 2009. (R:78) At step two, the ALJ determined that Plaintiff had the following severe impairments: degenerative joint disease of right knee; degenerative joint disease bilateral shoulder; tension headache; and, lumbosacral spondylosis without myelopathy. (R:78) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (R:79) Overall, the ALJ found that Plaintiff had the residual functional capacity to perform light work that involved no more than occasional kneeling and crawling and that he should avoid concentrated exposure to unprotected heights. (R:79) At step four, the ALJ found that Plaintiff could perform his past relevant work as a construction foreman. (R:81) Next, the ALJ found that Plaintiff had achieved at least a high school education and could communicate in English, and because he was 52 years old on his alleged disability onset date, classified him as an individual closely approaching advanced age. (R:81) At step five, the ALJ found that based on Plaintiff's age,

education, work experience, RFC finding and considering VE testimony, Plaintiff was capable of making a successful adjustment to other work that existed in significant numbers in the national economy. (R:81) Thus, the ALJ determined that Plaintiff was not disabled for purposes of the Act, and was not entitled to receive DIB during the relevant period. (R:82-83)

### III. The ALJ's Determination of Plaintiff's Residual Functional Capacity

Plaintiff contends that substantial evidence does not support the ALJ's determination that he retains the capacity to perform a reduced level of light work. Specifically, he argues that the ALJ failed to include all limitations relating to Plaintiff's impairments. (Doc. 18:4) In this connection, it is argued that the ALJ erroneously found that, despite his knee impairments, Plaintiff retained the ability to perform a limited range of light work. *Id*. Plaintiff contends that Social Security Ruling 83-10 clarifies that the full range of light work requires standing or walking, off or on, for a total of approximately 6 hours of an 8-hour workday. *Id*. Plaintiff urges that his testimony indicates that he stopped working due to back and leg pain and that he has difficulty walking long distances and standing due to constant knee pain. *Id*. Furthermore, the Medical Source Statement of Plaintiff's treating physician, Dr. Eric Sides, M.D., limited Plaintiff to less than the full range of sedentary work, and limited him to two hours of standing and/or walking and a sit/stand option. (Doc. 18:5) Plaintiff argues that his own testimony, coupled with the medical evidence of record, supports a finding of disability. (Doc. 18:4-5) Plaintiff argues that if the ALJ had given Plaintiff's treating physician's opinion the proper weight and properly accommodated all of Plaintiff's limitations, Plaintiff would have been found disabled pursuant to grid rule 201.l4, 20 C.F.R. 404, Subpt. P, App. 2. (Doc. 18:6-7) Plaintiff further argues that by using a faulty RFC finding, the Commissioner tainted all the remaining steps in the sequential evaluation. (Doc. 18:7) Consequently, Plaintiff

urges, the step four and alternative step five decisions are not supported by substantial evidence, and remand is required. (Doc.18:6-7)

Residual functional capacity is the most an individual can still do despite his limitations. 20 C.F.R. § 404.1545; SSR 96-8p. The responsibility to determine the Plaintiff's RFC belongs to the ALJ. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making this determination, the ALJ must consider all the record evidence and determine the Plaintiff's abilities despite his physical and mental limitations. *Martinez*, 64 F.3d at 176. The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545; SSR 96-8p. The relative weight to be given the evidence is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). The ALJ is not required to incorporate limitations in the RFC that she did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

## ANALYSIS

In reviewing a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education and work history. *See Martinez*, 64 F.3d at 174. A review of the record evidence indicates that there is substantial evidence to support the ALJ's conclusion that Plaintiff retained the capacity to perform a reduced level of light work.

A consultative physical examination of Plaintiff was performed on June 20, 2011, by Dr. Augustine O. Eleje, M.D. (R:251-253) Dr. Eleje noted that Plaintiff had knee surgery in 2003, but, otherwise, his treatment for this condition consisted of over the counter medications. (R:251-252) Although x-rays showed some degenerative joint disease in the right knee and bilateral shoulders, Plaintiff's gait and station revealed normal arm swing and walking. (R:252-253) Dr. Eleje concluded that Plaintiff had no limitations with sitting, standing, moving about, handling objects, hearing, and speaking. (R:253) Dr. Eleje opined that Plaintiff had some limitations with lifting and carrying. *Id*. Dr. Eleje discounted Plaintiff's allegations of pain inasmuch as the alleged pain did not correspond to findings on examination. (R:252) Dr. Eleje concluded that Plaintiff was unable to hop on the right leg or squat fully, but that he could pick up a pen and button his clothes. (R:253) The Court finds that Dr. Eleje's objective examination findings and opinion are consistent with the ALJ's determination that Plaintiff could perform a reduced level of light work. (R:79, 253)

Thereafter, on July 18, 2011, DDS Physician Patty Rowley, M.D., completed a Physical Residual Functional Capacity Assessment form based on her review of the record. (R:254-261) She opined that Plaintiff could occasionally lift and/or carry 50 pounds, and could frequently lift and/or carry 25 pounds. (R:255) She further concluded that Plaintiff could stand and/or walk for about six hours in an eight-hour workday, and could sit for about six hours in an eight-hour workday. (R:255) Subsequently, on August 30, 2011, DDS Physician Roberta Herman, M.D., reviewed the record and agreed with Dr. Rowley's assessment. (R:262) The Court finds that this evidence also supports the ALJ's RFC determination in this case.

The Court rejects the Government's contention that the medical evidence demonstrates that Dr. Sides, is not a treating physician inasmuch as his relationship with Plaintiff was not based on

medical need for treatment or evaluation, but solely on a Plaintiff's need to obtain a report in support of his claim for disability. (Doc. 19:6-8); 20 C.F.R. § 404.1502. The record evidence overwhelmingly refutes this contention. Plaintiff testified at the hearing before the ALJ that Dr. Sides had treated him since 2000. (R:92) A Texas Workers' Compensation Work Status Report dated July 12, 2004, indicates that Dr. Sides was Plaintiff's treating physician then. (R:174) A medical record from another physician, Dr. Barbara Reeves, M.D., dated January 11, 2012, indicates Plaintiff was being seen by Dr. Sides. (R:267) It is abundantly clear that Dr. Sides was in fact treating Plaintiff and was not solely consulted by Plaintiff because of a need to obtain a report to support his disability claim.

Plaintiff appears to contend that the ALJ erred by failing to discuss the six factors required by 20 C.F.R. §§ 404.1527(d),416.927(d) in setting forth her reasoning for rejecting Dr. Sides' opinion. (Doc.18:5-6) Plaintiff points to parts of the medical records contained in the administrative record that substantiate Dr. Sides' opinion.

A treating physician's opinion regarding the nature and severity of a patient's condition should be accorded great weight in determining disability and will normally be given controlling weight *if* it is (1) well-supported by medically acceptable clinical and laboratory diagnostic techniques, and (2) not inconsistent with other substantial evidence. *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). The ALJ may, however, give less weight, little weight, or no weight, to the medical opinion of a treating physician when good cause is shown. *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). Good cause may be established when a treating physician's statements are conclusory, unsupported, or otherwise incredible. *Id.* An ALJ should provide "good reasons" for the weight given to a treating physician's opinion. 20 C.F.R. § 404.1527(c)(2).

The Fifth Circuit concluded that, "absent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ my reject the opinion of the treating physician *only* if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)." *Newton*, 209 F.3d at 453.  Specifically, the regulation requires consideration of:  1) the physician's length of treatment of the claimant; 2) the physician's frequency of examination; 3) the nature and extent of the treatment relationship; 4) the support of the physician's opinion afforded by the medical evidence of record; 5) the consistency of the opinion with the record as a whole; and 6) the specialization of the treating physician.  20 C.F.R. § 404.1527(d)(2)-(6).  Where such evidence *does* exist in the record, however, consideration of the six factors is not necessary.  *See Bullock v. Astrue*, 277 Fed. Appx. 325, 329 (5th Cir. 2007) (*per curiam*) (not published) (consideration of six factors only necessary absent controverting reliable medical evidence from a treating or examining physician).

In this case, the administrative record included reliable medical evidence from an examining physician and non-examining physicians controverting Plaintiff's treating physician's opinion.  Thus, the ALJ was not required to perform a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2).  It is sufficient that the ALJ provided "good reasons" for the weight given to Dr. Sides' opinion.  The ALJ, therefore, did not err, and Plaintiff is not entitled to relief based on the ALJ's failure to address the factors set forth in section 404.1527(d).

The medical opinion of treating physician Dr. Sides, which was not supported by accompanying records or objective diagnostic tests, was given no weight by the ALJ. (R:80)  The ALJ concluded that Dr. Sides' opinion, which limited Plaintiff to less than sedentary work, was not supported by any records or notes from Dr. Sides and was inconsistent with the medical evidence of

record. *Id*. The ALJ determined that the record reflected little to no actual treatment for the alleged impairments. *Id*. This medical treatment was not consistent with what one would expect if Plaintiff were truly disabled. *Id*. In so concluding, the ALJ provided good reasons for her failure to give Dr. Sides' opinion any weight.

Dr. Sides' Medical Source Statement, which is dated February 27, 2012, is devoid of any supporting evidence. (R:268-271) The ALJ was further justified in giving the treating physician's opinion no weight in this case because the opinion was an RFC checklist and the information therein was brief and conclusory and not supported by medically acceptable clinical laboratory diagnostic techniques or any evidence other than the Plaintiff's subjective complaints. *See Gilliam v. Califano*, 620 F.2d 691, 693 (8th Cir. 1980) (RFC checklists "entitled to little weight in the evaluation of disability"). As stated earlier, an ALJ is not required to defer to medical opinions that are brief and conclusory, and not supported by medically acceptable clinical laboratory diagnostic techniques or are otherwise unsupported by the evidence. *See Leggett*, 67 F.3d at 565-66. Thus, the Court finds that the ALJ's determination is supported by the record.

The Court is mindful of the fact that there is record evidence which supports Plaintiff's claim for disability. The field office disability report completed face-to-face with Plaintiff on May 18, 2011, indicates that Plaintiff was observed having difficulty sitting, standing and walking, and that it appeared that he was having a hard time finding a comfortable position. (R:193) Plaintiff supplied numerous medical records from San Vicente Clinic. (R:20-67) Yet, it is clear that such records do not have a bearing on the ALJ's April 27, 2012 decision inasmuch as those records all relate to 2013 and 2014 and are outside the relevant time period. The entries by Dr. Barbara Reeves refer to bilateral knee pain and some limited range of motion but are devoid of substantiation by way of clinical or

laboratory findings. (R:265); *see Scott v. Heckler,* 770 F.2d 482, 485 (5th Cir. 1983) (statement must be supported by clinical or laboratory findings). It is within the ALJ's discretion to resolve the issue of conflicting evidence. *See Jones v. Heckler*, 702 F.2d 616, 621 (5th Cir. 1983). To whatever degree the isolated evidence highlighted by Plaintiff might detract from the weight of the rest of the evidence in the record, it falls short of that required to establish a no-substantial-evidence claim. Plaintiff's evidence fails to preponderate against the ALJ's determination–no substantial evidence will be found only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *See Abshire*, 848 F.2d at 640. The ALJ dutifully performed her task of resolving conflicts in the medical evidence, and substantial evidence supports her RFC determination. *See Masterson*, 309 F.3d at 272.

     As part of making her determination, the ALJ assessed Plaintiff's credibility and subjective complaints of pain and limitation. It was within her broad discretion to weigh the evidence and make credibility choices. *See Newton*, 209 F.3d at 459. The ALJ considered Plaintiff's testimony as well as the medical evidence. On the one hand, she considered a litany of complaints urged by Plaintiff. (R:91-96) On the other hand, some record evidence shows that Plaintiff could perform the requirements of medium work. (R:80) Based upon her review of the entire evidence, the ALJ determined that Plaintiff's medically determinable impairments could be expected to cause some of his alleged symptoms but that his statements concerning the intensity, persistence, and limiting effects of the symptoms were not entirely credible. *Id*. After taking into account the medical evidence, and factoring in Plaintiff's testimony, the ALJ concluded that Plaintiff could perform a limited range of light work. *Id*. This led to the ALJ's step four conclusion that Plaintiff could perform his past relevant work as a construction foreman. (R:81) This conclusion was supported by

the VE's testimony at the hearing.  (R:97)  Such a decision was within the ALJ's discretion and is supported by the evidence.

As an alternative step five conclusion, considering Plaintiff's age, education, work experience, and RFC, as well as the VE's testimony, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform.  (R:82)  The VE testified that an individual with Plaintiff's age, education, work experience, and RFC would be able to perform the job requirements of an assembler, a cashier, and a video rental clerk.  *Id.*; *see Dictionary of Occupational Titles* ("DOT") §§ 706.684-022; 211.462-010; 299.677-010.  The ALJ found that pursuant to SSR 00-4p, the VE's testimony was consistent with the information contained in the DOT.  (R:82)  It is clear that the hypothetical question posed to the VE incorporated reasonably all disabilities of the claimant recognized by the ALJ, and that Plaintiff and his counsel were afforded the opportunity to correct deficiencies in the ALJ's question by cross-examination.  *See Bowling v. Shalala,* 36 F.3d 431, 435-436 (5th Cir. 1994).  The Court finds that the ALJ's fifth step determination is also supported by substantial evidence and that the ALJ properly considered the four elements in arriving at this determination.  *See Martinez*, 64 F.3d at 174.

Likewise, there is no error in the ALJ's failure to apply the sedentary grid rules.  Sedentary work involves lifting no more than 10 pounds at a time, but the ALJ found, and the record supports, that Plaintiff could perform a reduced level of light work.  As the Fifth Circuit has held repeatedly, the Commissioner may rely on the grids to establish that work exists for a claimant only if the guidelines' evidentiary underpinnings coincide exactly with the evidence of disability appearing in the record.  *See, e.g., Lawler v. Heckler,* 761 F.2d 195, 197 (5th Cir. 1985).  Where any one of the findings of fact does not coincide with the corresponding criterion of a grid rule, the rule does not

apply in that particular case, and accordingly does not direct a conclusion of disabled or not disabled. Plaintiff argues that the ALJ should have applied sedentary grid rule 201.14 and found Plaintiff disabled. (Doc. 18:6-7) Grid rule 201.14 directs a finding of disabled for an individual closely approaching advanced age with an RFC for sedentary work, *inter alia*. Here, the ALJ found that Plaintiff retained the RFC for a reduced level of light work. Hence, the ALJ's findings of fact do not coincide with the corresponding criteria of grid rule 201.14; thus, the rule does not apply, and does not direct a conclusion of disabled or not disabled. Plaintiff is not entitled to relief on this basis.

Finally, because Plaintiff has failed to show that he is disabled as a matter of law, there is no reason to remand this case to the Commissioner for the purpose of awarding benefits. *See Ivy v. Sullivan*, 898 F.2d 1045, 1049 (5th Cir. 1990) (uncontroverted showing of disability). Neither is there a need to remand for further administrative proceedings.

## CONCLUSION

Based on the foregoing, the Court hereby ORDERS that the decision of the Commissioner be AFFIRMED consistent with this opinion.

**SIGNED** and **ENTERED** on June 16, 2015.

_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE